UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TODD BONDS, )<br>    Plaintiff )<br>v. )<br>              )<br>DANIEL OLDAKER, et al., )<br>              )<br>    Defendants. ) | CIVIL ACTION NO. 3:16-cv-P724-JHM<br>**ELECTRONICALLY FILED** |

## DEFENDANTS DANIEL OLDAKER, LPN and SHIERRA BROWN'S ANSWER TO PLAINTIFF'S COMPLAINT

Come the Defendants, Daniel Oldaker, LPN and Shierra Brown, LPN, ("the Defendants") by counsel, and for their Answer to Plaintiff's Complaint [DN1] and this Court's Memorandum Opinion and Order pertaining to Plaintiff's remaining claims after the initial screening, states as follows:

### FIRST DEFENSE

Plaintiff's allegations against The Defendants fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's Complaint against the Defendants is barred by the Eleventh Amendment to the United States Constitution.

### THIRD DEFENSE

The Defendants affirmatively plead and asserts all defenses arising under the United States and Kentucky Constitutions.

## FOURTH DEFENSE

The Defendants deny that Plaintiff has properly asserted that this Court has jurisdiction over this matter, and such lack of jurisdiction over The Defendants is a complete bar to any recovery herein.

## FIFTH DEFENSE

1. The Defendants deny that they subjected Plaintiff to cruel and unusual punishment, brutality, harassment, and denial of due process, and that they denied or delayed medical care and treatment. They specifically deny they were negligent, grossly negligent, or deliberately indifferent to his medical needs and deny that they violated Plaintiff's Eighth or Fourteenth Amendment rights.

2. The Defendants deny Plaintiff suffered any damages as a result of their alleged conduct and deny that Plaintiff is entitled to the relief he requested.

3. The Defendants deny each and every allegation not specifically admitted herein.

## SIXTH DEFENSE

The claims set forth in Plaintiff's Complaint are barred in whole or in part by reason of the Plaintiff's failure to exhaust all administrative remedies available with respect to all claims.

## SEVENTH DEFENSE

Plaintiff's injuries and damages, if any, were caused in whole or in part, by Plaintiff's own negligent or wrongful acts and/or omissions but for which would not have occurred and for which The Defendants are not responsible or liable, and the Defendants plead and rely upon same as a complete and/or comparative bar to the Plaintiff's claims. Any recovery on the part of the Plaintiff should be offset by apportionment pursuant to his own comparative fault.

**EIGHTH DEFENSE**

The Defendants affirmatively state that they exercised reasonable care and good faith at all times relevant hereto. Furthermore, at all times relevant hereto, the Defendants acted reasonably and prudently in accordance with the established standard of care and in reliance upon other certified medical professionals and staff, thus barring recovery herein.

**NINTH DEFENSE**

The Defendants state that they performed all duties and/or responsibilities in accordance with all applicable policies, procedures, protocols and standards in place at all relevant times.

**TENTH DEFENSE**

The allegations contained in Plaintiff's Complaint attempt to impose a duty or duties upon the Defendants that are not recognized by Kentucky law or Federal law.

**ELEVENTH DEFENSE**

Plaintiff's Complaint fails to allege sufficient personal involvement of the Defendants to impose liability against them in their individual and/or official capacity.

**TWELVTH DEFENSE**

The Defendants affirmatively plead the provisions of the Prison Litigation Reform Act (28 U.S.C. 1915 *et. seq.*).

**THIRTEENTH DEFENSE**

Plaintiff's claims may be barred in whole or in part by the doctrine of res judicata, collateral estoppel, laches and/or the statute of limitations.

**FOURTEENTH DEFENSE**

Plaintiff's injuries, if any, are the result of natural causes or an act of God and, as such, The Defendants cannot be held liable.

### FIFTEENTH DEFENSE

The Defendants plead waiver, estoppel (issue and claim preclusion), governmental immunity, qualified immunity and privilege as affirmative defenses.

### SIXTEENTH DEFENSE

Plaintiff's Complaint fails to join necessary and indispensable parties.

### SEVENTEENTH DEFENSE

Plaintiff's injuries, if any, may have been caused in whole or in part by the comparative negligent acts/omissions of other persons/parties over whom the Defendants had no control and/or for whom they were not legally responsible such that the Defendants are entitled to contribution, indemnity and/or an instruction permitting the jury to apportion fault to those other persons or parties.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred by insufficiency of process.

### NINETEENTH DEFENSE

Plaintiff has not established deliberate indifference to a serious medical need, but in fact has only alleged his medical disagreement, which is not actionable.

### TWENTIETH DEFENSE

To the extent any damages exist, a fact disputed, Plaintiff's claims are barred in whole or in part by Plaintiff's own failure to mitigate his alleged damages.

### TWENTY-FIRST DEFENSE

The Defendants deny any allegation in Plaintiff's Complaint not specifically admitted herein.

### TWENT-SECOND DEFENSE

The Defendants hereby reserve the right to assert such other defenses as may appear appropriate following the commencement of discovery in this matter.

**WHEREFORE**, Defendants Daniel Oldaker and Shierra Brown submit their Answer to Plaintiff's Complaint, and respectfully requests as follows:

A. That this Honorable Court dismiss Plaintiff's Complaint as against Defendants Oldaker and Brown, with prejudice;

B. For trial by jury;

C. For costs herein expended, including reasonable attorney fees; and

D. Any other relief that may appear just and proper.

Respectfully submitted,

/s/Megan P. O'Reilly_____
Megan P. O'Reilly
Blackburn Domene & Burchett PLLC
614 West Main Street, Suite 3000
Louisville, KY 40202
Phone: (502) 584-1600
moreilly@bdblawky.com
*Counsel for Defendants Daniel Oldaker and Shierra Brown*

## **CERTIFICATE OF SERVICE**

  The undersigned, an attorney, states that on October 19, 2017, a true and complete copy of The Defendants' Answer to Plaintiff's Complaint was served upon the Court and counsel of record via the United States District Court for the Western District of Kentucky's CM/ECF system and served to the Plaintiff via U.S. Mail, at the following address:

Todd Bonds, pro se
2631 Ocosta Drive
Cincinnati, OH  45211


              /s/ Megan P. O'Reilly
              Megan P. O'Reilly